IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Case No. 15-mj-392-SAG |
| | * | |
| GREGORY SLAGLE | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Defendant Gregory Slagle has filed a Motion to Suppress the results of the breath test administered after he was arrested for drunk driving on January 4, 2015, in Fort Meade, Maryland. Trial is set for July 16, 2015. Upon review of Defendant's Motion and the Government's Opposition, [ECF Nos. 11, 16], the Court will deny the Motion.

## I. BACKGROUND

On January 4, 2015, Defendant was involved in a car crash on Ruffner Road in Fort Meade, Maryland. *See* ECF Nos. 1, 3–5. At the scene, officers suspected that Defendant was impaired by alcohol, and administered a field sobriety test, which Defendant failed. Gov. Opp. 1. Defendant was then arrested and brought to the Directorate of Emergency Services, where an officer advised him of Maryland's "Advice of Rights." *Id.* at 2; *see* Def. Mot., Exh. 1. Defendant was advised that he may refuse to submit to a breath test, but that doing so would result in suspension of his driving privileges in Maryland for 120 days, pursuant to Maryland Transportation Code § 16-205.1. *See id.* Defendant consented to the breath test, and his breath alcohol content was recorded as .20%. Def. Mot., Exh. 2. Defendant was then charged with four violations of the Maryland Transportation Code. *See* ECF Nos. 1, 3–5.

1

The Assimilative Crimes Act ("ACA") provides that conduct not specifically proscribed by federal law, but occurring on land under the special maritime and territorial jurisdiction of the United States, is governed by the penal laws of the state in which the federal land is located. 18 U.S.C. § 13(a). *See United States v. Minger*, 976 F.2d 185, 187 (4th Cir. 1992) ("When a state law is assimilated under the ACA, the ACA transforms the state law into a federal law for purposes of prosecution, and any violation of the state law becomes a crime against the United States."). Because Defendant's alleged conduct took place in Fort Meade, Maryland—a military installation within the exclusive jurisdiction of the United States—Defendant is subject to federal prosecution under Maryland substantive law. *See United States v. Walker*, 552 F.2d 566, 568 (4th Cir. 1977) ("There is no express 'enactment of Congress' providing punishment for drunk driving in a federal enclave."). Importantly, "[w]hile the substantive law is borrowed from the State of Maryland, the procedural law is still a function of federal law." *United States v. Kyung Kim*, 902 F. Supp. 2d 763, 765 (D. Md. 2012).

## II. DISCUSSION

Defendant argues that the results of his breath test should be suppressed because he was falsely advised that if he did not submit to a breath test, his driving privileges in Maryland would be suspended for 120 days. Def. Mot. 3. This sanction, Defendant contends, is inapplicable to him because Maryland has no authority to suspend his driving privileges for conduct that occurred outside Maryland, i.e. on federal territory.[1] *Id.*; *see also* 18 U.S.C. § 13(b)(1) ("Any limitation on the right or privilege to operate a motor vehicle imposed under this subsection shall apply only to the special maritime and territorial jurisdiction of the United States."). Because of this misrepresentation, Defendant argues that his consent was invalid. *Id.* at 4.

---

[1] In fact, under the federal implied consent statute, the correct sanction for refusal to submit to a breath test would have been a one-year suspension of driving privileges in the special maritime and territorial jurisdiction of the United States. *See* 18 U.S.C. § 3118(b).

Under the federal implied consent statute, those who drive in the special maritime and territorial jurisdiction of the United States impliedly consent to chemical tests if suspected of driving under the influence. *See* 18 U.S.C. § 3118(a). Thus, the Government argues, Defendant had already consented to a breath test by virtue of driving in Fort Meade.[2] Gov. Opp. 6. Moreover, although Defendant was erroneously informed of the sanctions for refusing a breath test under Maryland law, he was actually given more rights than he should have been afforded, since the federal implied consent statute provides no right to refuse. *Id.* at 7. Maryland's statute, by contrast, has been described as an "express consent statute," since it specifies that the test will not be compelled. *See* Md. Code. Ann., Transp. § 16-205.1(b)(1) ("Except as provided in subsection (c), a person may not be compelled to take a test."); *State v. Moon*, 291 Md. 463, 489–90, 436 A.2d 420, 433 (1981) (Davidson, J., dissenting) (noting the Maryland Legislature's "rejection of an implied consent statute and its adoption of an express consent statute," and its "requirement that an accused affirmatively consent to a test administered by or at the direction of a police officer").

Defendant's case is strikingly similar to *United States v. Sauls*, 981 F. Supp. 909 (D. Md. 1997). In *Sauls*, the defendant, Mr. Sauls, was arrested for drunk driving at Aberdeen Proving Ground, Maryland, and was advised of his right to refuse a breath test, but that his license would be suspended, as provided in Maryland Transportation Code § 16-205.1, if he did refuse. *Id.* at 910–11. Mr. Sauls took the breath test and failed it. He subsequently argued that the test results should be suppressed since he was advised of the penalties for refusing the breath test under

---

[2] The Government also argues that Defendant enjoyed no Fourth Amendment protections due to Fort Meade being a closed military installation. However, Fort Meade is an open military installation, as discussed in *United States v. Burrow*, 396 F. Supp. 890, 903 (D. Md. 1975) ("Had defendants been discovered on a closed military installation, this Court would have no hesitation sustaining the search and seizure whether or not probable cause existed. It is only because of the fact that Fort George M. Meade is an open post that a more searching inquiry into possible Fourth Amendment violation is required.").

Maryland law, which was inapplicable, rather than being advised of the federal implied consent law. *Id.* at 911. The court agreed. *Id.* ("The Court agrees that the Maryland Statute establishes a procedural provision outside the ambit of the Assimilative Crimes Act. Accordingly, the military police were not required to follow the Maryland procedure and should have followed the procedure established by 18 U.S.C. § 3118."). However, the court held that the giving of advice was harmless, since under the federal statute, unlike the Maryland statute, there is no right of refusal. *Id.* at 13 ("[T]he Court is satisfied that under the Federal statute, the defendant had no legal right to refuse to take the chemical test as a refusal is not a permissible choice.").

Here, Defendant was wrongly advised that he had a right to refuse the breath test under Maryland law, and that he would suffer certain penalties if he did refuse. However, like in *Sauls*, the advisement was harmless, since Defendant did not, in fact, have a legal right to refuse the breath test under federal law. Thus, Defendant's implied consent to the breath test remains valid, despite the officer's error in procuring his express consent.

## III.  CONCLUSION

For the foregoing reasons, it is hereby ORDERED this 13th day of July, 2015 that Defendant's Motion to Suppress [ECF No. 11] is DENIED.

Dated:  July 13, 2015

                                                                    /s/
                                          Stephanie A. Gallagher
                                          United States Magistrate Judge